All right, just one case this morning, and it is 24-1163 Markley v. U.S. Bank. Counsel, you may proceed. Great. Good morning, Your Honors, and may it please the Court. My name is Ingram Wilkinson, appearing on behalf of Plaintiff Appellant Darren Markley. To reach affirmance in this case, this Court must do two things. The first is, contrary to the law of the circuit in the Supreme Court, conclude that a dismissal without prejudice is a final judgment on the merits, and to endorse the district court's violation of the party presentation principle, because both are improper. Reversal is required. I'd like to momentarily address or briefly address the party presentation issue. As Your Honors know, it's a very well-settled principle that courts, including district courts, are bound to address the arguments that the parties put before them. In this case, in its dismissal briefing, U.S. Bank simply argued that Mr. Markley's wrongful termination claim was barred as a matter of claim preclusion. The district court... Is party presentation a requirement, like a jurisdictional requirement, or is it something that the courts don't have to follow if they feel equity doesn't require it? It is not, Your Honor, a jurisdictional requirement. However, the Supreme Court has made clear that failure to abide by the principle does constitute an abuse of discretion. And in this instance, there's too great a mismatch between what U.S. Bank argued and the district court's decision to go beyond that argument and say that, particularly, the failure to allege diversity jurisdictional allegations more closely aligned with the factual circumstances in the First Circuit's decision in Marr or Kale, and because the district court essentially took that extra step, sort of went beyond, created too great a delta between what U.S. Bank argued and what itself did. That is precisely the abuse of discretion that would require reversal. How are you distinguishing the First Circuit case? Yes, Your Honor. And so I think that actually leads into the main issue put before this Court on appeal, which is whether a dismissal without prejudice constitutes a final judgment on the merits. The First Circuit, first in Kale, subsequently in Marr, reached the conclusion that a plaintiff's failure to allege diversity jurisdiction in a first Federal action then gave rise to the application of claim preclusion and that plaintiff's efforts to assert a statewide claim in a subsequent action. And I think you're going to address First Circuit, which is the one Judge Timkovich asked about, and I think that's appropriate, but you've also got the baggage of the Seventh Circuit and dicta in the Sixth Circuit and a Colorado Court of Appeals case. So there's other baggage with you, but let's focus on the first because that kind of has set the dialogue for other circuits. I'm happy to proceed in that fashion, Your Honor. And so I think that there are two ways of thinking about this case, and the first of which is sort of inaugurated or put in motion by Kale and Marr. As Your Honor just pointed out, other circuits have followed suit, I think, in distinguishable ways or ways that do not make their holdings controlling in this case. There's that way of thinking about things. There's the more foundational way in which other circuits are numerously in accord in determining that a dismissal without prejudice cannot constitute a final judgment on the merits for claim preclusion purposes. This Court in Velazquez and Montesantos said, and I quote, a dismissal for lack of jurisdiction does not have broad res judicata effect. This, again, is citing Montesantos, and this is entirely consistent with the Supreme Court's decision. Let me pause there a minute. It doesn't say a dismissal of the claim at issue. It says a dismissal of the case, doesn't it, or the cause of action, and isn't, or a final, to quote Lennox, 10th Circuit case, a final judgment on the merits. We do have a final judgment on the merits, not on the claim at issue, but when I've been reading the final judgment requirement, it seems to talk about the merits of the earlier case. That is, that there's not going to be anything coming back on that case as a Casper ghost, the hottest in the future is done, rather than was this particular issue resolved finally. What do you think about that? I have two points in response, Your Honor. The first of which is your question evokes or puts the question at this appeal in the context of finality for 1291 purposes. Cases that have addressed finality in that context have done so on an entirely different basis, and even if we accept their reasoning, do not give rise to facts analogous sufficient to Mr. Markley's case that warn the application of claim preclusion, filtered through the principle of finality in the 1291 context, or finality in the context of claim preclusion. If you look at cases from the circuit like Clinton v. Security Benefits, the Barone case, the calendar of appellee sites, those are cases in which the district court took an additional step. So for instance, in Clinton, there was a dismissal of not only the complaint, but also the failure to grant, or rather the decision, to deny plaintiffs the ability to amend their complaint. Your Honor's question, secondly, evokes a principle more specifically in the claim preclusion context, which is what can constitute finality when there is a final judgment on, for instance, one federal claim. Courts that have addressed this issue have said that finality in that context, or that type of judgment, only rises to a final judgment in the claim preclusion context if there is something that demonstrates an intent to completely dismiss the underlying or adjunctive state law claim as well. This is where we get into territory. And what's your best case on that particular proposition? We can look at Willie, Your Honor, or Winnie. That's a First Circuit case. You can look at cases like Pepera from the Third Circuit as well. The Third Circuit in the Pepera case is actually quite instructive by saying, on the merits, or the on the merits requirement is better understood in terms of its functional equivalent, whether a dismissal is with prejudice. Other cases from the circuit similarly show, again, I would take the court to cases that deal with finality in the 1291 context, not for their controlling features, but for their ability to teach why this is not a final judgment on the merits, because in this case, the district court in Mr. Markley's first Federal action only addressed the Federal claim on the merits. Its dismissal of the state law claim was without prejudice. This is not merely reflected in the dismissal or summary judgment order itself, but also in the final judgment. Mr. Wilkinson, did you know that there was diversity jurisdiction when you filed the case and just decided not to plead it? So, Your Honor, I think that the question is whether there was diversity jurisdiction about which the district court was made aware in the first Federal action. I said, was your client aware that there was diversity jurisdiction? I believe, Your Honor, that even if our client was aware, that's not controlling for this Court's final judgment analysis, because as cases as recently as the Supreme Court's decision in Royal Canaan teach, where there is a dismissal of a Federal claim, the state law claim must automatically be dismissed. I don't think you answered my question. Let me ask it differently. At the time the district court dismissed your state law claims without prejudice, did you know there was diversity jurisdiction? I believe that there was sufficient information in the civil complaint sheet that could have indicated that. But I believe, Your Honor, there was an outstanding question about U.S. Bank's domicile for purposes of diversity. Okay, I appreciate that. Let me mix it up a little bit. What if you had voluntarily dismissed your state law claims before the time that the Federal court had granted summary judgment in the Bank's favor on the Federal question? Could you refile those state claims that you had voluntarily dismissed in state court? Yes, Your Honor. That's consistent with Rule 41, which makes clear that a dismissal without prejudice on a voluntary basis can be refiled before the time that summary judgment has occurred. And so why wouldn't that violate the rule of claim preclusion that if you have a common core of operative facts, they all have to be pled in the same cause of action? Because, Your Honor, I believe that the sort of nucleus of fact requirement is distinguishable legally from the final judgment on the merits requirement. And, Your Honor, it's hypothetical. We're not dealing with a circumstance where there was an adjudication on the Federal claim with an adjudication based on its jurisdictional basis for the state law claim. Could you have added, in that case, when you refiled in state court, could you have added other Federal claims? It would depend on the nature of those Federal claims, Your Honor. And so there's a world one can imagine where I'm not necessarily saying this is the case for this appeal. Even a Federal claim that's based on the wrongful termination facts? I think what that analysis would require, Your Honor, is a close study of the allegations underpinning the state law claim or the Federal claims at issue. And to turn back to a more foundational point regarding diversity allegations, Mr. Markley behaved consistent with what the Federal rules demand in every action at issue in this case, both his first Federal action and his second Federal action or second state action that was removed to Federal court. Mr. Markley in his first action pleaded Federal question jurisdiction under 1331. He pleaded supplemental jurisdiction under 1367. And there is no indication in any case that this is an insufficient basis for him to have had his claims heard. And that, having satisfied that, the district court, as it was required to do, dismissed the wrongful termination claim without prejudice upon having dismissed the state or the Federal claim on its merits. And so I think that, given Mr. Markley behaved himself, complied with every Federal rule in his first Federal action, and the district court, consistent with the requirements to which it must adhere, dismissed the state law claim on purely jurisdictional basis, the case was clear.  What does without prejudice mean in the district court's point of view when, in fact, there was clear prejudice according to your position, the other side, the appellee's position? There are two ways of getting to that answer, Your Honor. The first of which is consistent with cases like Paparis and the Willie case from the First Circuit, is to study what we can reasonably infer in terms of a district court's intent from what it is that we have available. And so if you look at the summary judgment order, we have a dismissal without prejudice. In the final judgment, we have no mention of Mr. Markley's state law claim. There's a world where in which the district court may have said, I've reached the merits of this claim, it's dismissed with prejudice, and that would look different, but we don't live in that world. We live in a world where the district court in Mr. Markley's first Federal action did what it was mandated to do, dismissed the state law claim on jurisdictional basis, and the D.C. Circuit, the Third Circuit, the Fifth Circuit, the Eleventh Circuit, the Supreme Court, and this circuit have all held that a dismissal without prejudice cannot constitute a final judgment on the merits. I'm just happy to provide language from other circuits that read forward. Well, counsel, your time is elapsing, and I just want to ask you in anticipation of what your opposing counsel is going to say, that under principles of preclusion, you get one bite at the apple. One. And it was on you to amend your complaint and allege diversity jurisdiction. So just related to your point that you did everything you could, you didn't do that. So could you just respond to that argument? Of course, Your Honor. And then, if possible, I'd like to save the remaining time following that. I'll give you a second. Thank you. I think that the question of whether we or Mr. Markley was prohibited from taking a second bite of the apple proceeds from the premise that there would have been some determination in the first Federal action that would have made the second action a second bite. There is no such circumstance procedurally or factually here, which implicates those questions of equity, much less that makes them resolved in U.S. Well, how about the fact that you have to bring everything you can bring? Your Honor, I believe that Mr. Markley did bring everything that he needed to bring or that he saw as pertinent to his claim. The issue of whether someone brings claims in an action is analytically different from the question of how those cases are treated by a district court and whether that treatment gives rise to a final judgment on the merits. So not only was Mr. Markley in full compliance with 1331 and 1367, which encourages in states it's entirely appropriate to file a claim on a state basis under supplemental jurisdiction in Federal court, but at that point, the analysis turns to asking how the district court treated those claims. There's a world where the district court said, I'm going to reach the merits, or consistent with the Fifth Circuit said, now I'm going to issue an order to show cause as to why I can retain diversity jurisdiction or should. And as the Fifth Circuit has made clear, had that happened, Mr. Markley failed to respond, we might be in a world where I'd have a more difficult time answering Your Honor's question. But because nothing of the sort happened and the final judgment makes no interest or statement about the dismissal with prejudice of the State law claim, much less the summary judgment order which says it's dismissed without prejudice, this question that Your Honor poses isn't one that governs because Mr. Markley complied with every rule of Federal procedure and statute. Let me add this twist. What if in Markley II, so you refile State court, it gets removed on diversity grounds. You really don't want to be in Federal court. You already got hammered once on your Federal claim. You really want to be in State court. So to defeat diversity, you amend your complaint and add a non-diverse party, forcing the district court presumably to dismiss. Can you refile your claims in State court? So I believe the answer to Your Honor's question is one that is governed or is helped better understood by the Dozer case. And in that case, the question of whether there is any kind of claim preclusion issue attendant to jurisdictional issues requires an analysis or adjudication of those underlying jurisdictional issues. So I think Dozer is instructive because I think it closely mirrors the question Your Honor is posing, which is, for instance, what happens when a plaintiff is kicked out of court, you know, without sort of an adjudication on the merits, but where a district court says the amount of controversy is too low. A plaintiff cannot then file the same claim and conjure up $400,000 in punitive damages. That's what Dozer says. That's not what Mr. Markley did. And I'd like to close with a quote from Dozer, which is that the issue litigated was whether the claim exceeded the jurisdictional minimum. Dismissal without prejudice was appropriate to make it clear appellant was not precluded by claim preclusion from having his claims heard on the merits in State court. So there's an analytical difference between whether there's a jurisdictional determination that could come into significance or importance in Your Honor's hypothetical and the circumstance here where there was, for instance, no jurisdictional determination. I apologize. I'm well over my time. I'm happy to take the Court's remaining questions.  Thank you, counsel. I'll give you some time for rebuttal. Thank you. Let's hear from the bank. Good morning, Your Honors. I was going to ask the other attorney, but he ran out of time. Tell me what court Dozer came out of. Yes, Your Honor, I can do that. Mr. Wilkinson, if you know. DC Circuit. Okay, thanks.  And unlike the Dalal case, which came out of the Colorado Court of Appeals with the exact fact pattern cited by Judge Timkovich and said, no, you can't refile that claim. Your Honor, and may it please the Court, counsel, the issue presented by this case is whether. Could you introduce yourself? I'm sorry. My name is Marko Mirkonich, and I'm from Butler Mendelsohn on behalf of U.S. Bank. I apologize for ending up off schedule a little bit there. It's not your fault. It's our fault. It's not a fault question. I appreciate it. The issue presented by this case is whether, by choosing not to plead diversity jurisdiction in his first lawsuit challenging his termination from employment, Mr. Markley is able to proceed through discovery and motion practice for a work for U.S. Bank. The answer to that question we submit is no, based on well-established authority, the well-reasoned opinion of the trial court. And frankly, Your Honor, nor can other plaintiffs create a future loophole for themselves by pleading federal question jurisdiction, supplemental jurisdiction over state law claims, and leaving out diversity jurisdiction just in case. And by the way, the ruling of the trial court here was not like a dismissal without prejudice. It was a dismissal with prejudice of the federal claims based on a ruling that they did not have merit and the plaintiff had not established the key elements of his claim. But that prejudice stemmed from this principle of law about you can't split your causes of action. It doesn't result from any language of the court. No, Your Honor. And frankly, the Kale opinion dealt directly with that and referred to the language as supererogatory when Judge Skinner used it in the trial court level in that case. And it completely said, no, let's look at all three elements of what's required for the merger and bar doctrines to apply here. The same parties, no doubt. The element that the appellant tries to gloss over is whether it's the same claim. And it is the same claim. The law is unequivocal on that. These all involve termination from employment for the same reasons. They even involve the same issues. If you look at the complaints, they're the same. Well, they're different claims. I mean, you've got claim one, claim two, claim three. I mean, they may be the same conduct underlying, but they're different claims. They're different legal theories for the same operative set of facts. There's different conduct, too. One of them is complaining about one kind of conduct and the other is complaining about another kind of conduct. Both occurring in the termination of employment, but really different conduct. They're complaining that he was unfairly terminated for two different legal reasons, but it's based on the same facts. The complaint allegations actually have the same facts. It has common facts to it. I'll give you that. But I don't agree with you that it's based on the same facts. And the requirement that he establish causation for the whistleblower claim is, in fact, precluded on a claim basis. Now, on an issue basis, Judge Brimmer did not reach that issue, but we think that would be an additional reason to affirm the trial court here. I believe that. What makes it a final judgment on the merits? You know, we have a dismissal without prejudice. You know, facially, intuitively, that looks unfinal and not on the merits. Your Honor, first of all, there are two questions embedded there, and it's kind of for what purpose? Because it's clearly a final judgment on the merits, because judgment was entered, it was appealed. There was no relief sought from the trial court to clarify the judgment. There was no appeal made of the dismissal of the state law claims. So there's no denial that it was a final judgment. The question was, is it a final judgment as to the state law claims? And we recognize that's an element of a race judicata defense, a merger and bar-based defense, to a second lawsuit. And the answer to that question is, because the plaintiff in this case had the ability and knew that there was diversity of citizenship based on the civil action cover sheet, chose not to plead it. When he received the dismissal, he chose not to seek clarification from the trial court, which he could have done under Rule 60, nor did he seek an appeal of that dismissal of the state law claims. So it really is saying, and this is not a plaintiff on a preliminary motion to dismiss basis who said, I haven't had anyone hear me. There was two years of discovery and action before this trial court ruling. You know what I'm really confused about in this case is the importance or lack of importance of what the plaintiff knew. Are you, I mean, is that a determining factor here? The citizenship of a national bank is a little different than normal citizenship requirements. And what if he said, I'm a lawyer that has a practice in some other narrow area normally? I have no idea about unique situations. Would we treat that differently? Would we say that that's a different, I mean, this would be astonishing if jurisdiction depended upon the secret subjective knowledge of a lawyer. And yet you and the briefs keep talking about how important it is, what they knew and didn't know. No, Your Honor, we're really trying to focus on that as a supplemental fact. The fact of the matter is there was diversity jurisdiction. This case right here is before the court based on diversity jurisdiction involving the same parties. And so the fact that the plaintiff was aware of it just goes to show the absence of any unfairness to the plaintiff in enforcing the rule. So are you suggesting this case could be decided differently based upon unfairness? As far as I was taught in procedure class, jurisdiction is pretty much as devoid of emotional content as you can come up with. Your Honor, it is devoid of emotional content. And we don't think it's critical to the finding or the argument we're making that the plaintiff was aware. The fact that he was aware sort of responds to some of the arguments that were made both at the trial court and in the opening brief that touched on those issues. So to the extent it was overemphasized, the point is there was diversity jurisdiction. That's enough. Another way to look at it is the bank surely knew there was diversity. There may be a plaintiff out there that doesn't know citizenship, but the defendant in this case knew there was complete diversity and was available out there. You immediately removed your K markedly, too. But since you knew that there was complete diversity, another way to look at it is, well, if you wanted to protect yourself from a sneaky plaintiff who's going to go back over to state court and try to get a better forum there, you could have asked the district court to reconsider the dismissal without prejudice, asserting that, wait a minute, there's complete diversity. Rule on the merits of the state law claims. If that were denied, you could have come up to the circuit with your, you know, along with the Federal claim that came up anyway. Well, if you look at it that way, you know, the defendant's in complete control of his fate also. Your Honor, there is no such burden on the defendant. We viewed the ruling from the trial court as conclusive, definitive on all claims because of the way race judicata and the rules against claim splitting work. There was no reason to do that. We defended the appeal. The underlying ruling was affirmed, and there was nothing more to do. So your point on that was we had one problem before us, and that was a Federal case. Right. The Federal case is done. We'll never face Federal problems again on that. And so our job here is complete. Right. There's a final judgment dismissing all claims that were or could have been brought in this matter. Well, maybe I'm asking a policy question. You're saying that the plaintiff should have appealed the dismissal without prejudice to protect himself. Another way to look at it is the defendant has the duty to appeal to protect himself from State court refiling. Your Honor, that would be an unusual rule to require the prevailing party to appeal to double lock down their win. I think with all respect, as a defendant, we're properly a respondent here. But as Judge Skinner said, the First Circuit said in Kale, use of the phrase without prejudice was supererogatory because the dismissal of pendant claims on jurisdictional grounds is always without prejudice. Thus, the phrase without prejudice added nothing to what transpired in any event. The phrase could not have constituted an express reservation of Kale's right to claim in a second action in federal court. In fact, did the court even have authority to do that? Would the court have had authority to say, I'm going to allow you to hereby split your claims and bring another claim? I don't believe the court could have allowed that, especially because diversity jurisdiction existed. And if the court were aware of that and it focused on that, no. I think about it this way, too, Your Honors. If this first claim had been brought only as a federal claim without a state whistleblower claim appendant, and the same ruling issued from Judge Moore and came up to the distinguished panel that affirmed that ruling, there's no doubt that a second lawsuit brought alleging the state law claims would have been barred by res judicata. Secondly, if the first claim had been brought with the appendant state law claims and also alleged diversity jurisdiction, Judge Moore would have had to address it. It would have been addressed. The rules of finality and against claim splitting would have been followed. So the only way we end up in this predicament is if the plaintiff does not allege and assert diversity jurisdiction in the first case. Because otherwise, it's either decided by Judge Moore on the merits directly as a stand-alone claim, or it's barred by the doctrines of res judicata as all of the cases we've cited here attest. So the only way we end up here is if the plaintiff does not present diversity jurisdiction. And I respect what the judge said, Judge Ebel said, because if the plaintiff didn't know that, we had years, more than a year of discovery here. That could have been learned and was learned to the extent it needed to be learned and could have been fixed. It wasn't. Nor was that claim appealed. There's nothing that said. This goes back to that earlier line of questioning. If that was not known or could have easily been known, would this result be different? I mean, if, for example, there was really a genuine uncertainty in the law where the principal place of business of U.S. Bank was. I mean, they had two equal offices and their incorporation papers were confusing or had been amended or something. And you couldn't know. Would the outcome have been different? I don't believe so, Your Honor. No. Because the burden is on the plaintiff to make all of the claims that exist at the time that they bring their claim. If they later learn that they might have another cause of action while the case is pending, they can go to the court and ask for permission to add that claim unless it's within the period that it can do it as of right. But if something happens after that case ends and a final judgment has been entered and it's even been affirmed on appeal, you can't go back and say I now learned a new fact and I can try over again. And that's true whether it's something that relates to the cause of action or whether it relates to jurisdictional facts. And the burden on the plaintiff is to plead all actions in the first case, both those that relate to the claims themselves, all possible claims, and all possible jurisdictional facts. And the law that we've cited from the First Circuit, the Seventh Circuit, the Colorado Court of Appeals all say that. And your proposition would be that that is just an absolute burden on a lawyer and it doesn't depend on that lawyer's subjective views. It's just a plain old burden on them. That's correct, Your Honor. And I think that we make choices in life. And for lawyers and law students, we like to keep our options open. But the merger and bar doctrines, including res judicata, collateral estoppel, claim splitting, law of the case, are all intended to bring finality in one place so we don't end up living bleak house for the rest of our days. We need finality. We want efficiency. It doesn't only affect the parties. It affects the public that has to provide the forum. It affects the judiciary where you're spending judicial resources multiple times. And beyond that, it creates a delay that is just unacceptable. Right now, if Mr. Markley last worked for U.S. Bank in 2018, by the time this case comes to rest, if it's sent back to trial, we're talking about 10 to 12 years later that witnesses are going to be expected to testify. There are great policy reasons that the common law has always recognized the need to avoid claim splitting, keep things together, and proceed in this way. One case, one claim, one action. What was the time between the dismissal of the Markley I and the refiling in state court? Well, Your Honor, the appeal intervened. So the Markley I was... Did he file the state claims Markley II before the appeal was resolved? No. The federal appeal? No. So after that? After that, they were filed. And we're not claiming that was untimely. That's not part of our argument. No, I know you're not. But I'm just trying to get a... If it's Bleak House, I kind of want to know the timeline. Yes. I mean, it's the jar and dice versus employment law. And... Go ahead and just wrap up. I will, Your Honor. Thank you. Mr. Markley had a full and fair chance to develop his case, present it to a  The judge looked at that case, on that record, made a decision. And we haven't emphasized the collateral estoppel piece. But basically decided those issues that needed to be decided, dismissed it. Routinely said there's no jurisdiction over these supplemental claims, so I'll dismiss them. Under well-established federal and Colorado law. That means this case is over. So the refiling in state court of the same claim, to do it one more time, is something that is not allowed. And, in fact, that we've been... To some extent, the district court was wrong about the lack of federal jurisdiction. Although he wasn't alerted to the fact of diversity. You know, diversity did, in fact, exist. Right, Your Honor. And that's where we say the plaintiff had multiple chances to get this right. Both before filing the first claim, during the pendency of that action, after the initial ruling was made and there was a decision not to file a Rule 60 motion to clarify or revise or correct judgment, or on appeal. None of those steps were taken. At some point, we have to make our decisions and live with the consequences. That's what res judicata means. And we, on the other issues that have been discussed, we submit on our briefs and we thank you very much. Yeah. Thank you, counsel. Paul, could you give him two minutes for rebuttal? Thank you, Your Honors. I'd like to make two primary points and we can drill down on them if we need to. The first of which is that U.S. Bank clouds this appeal with questions of equity. It would be inequitable to hold a plaintiff to the dismissal of this claim when he met at every turn his jurisdictional burdens in federal court and state court and following the removal of this case to federal court in this current action. All questions of equity resolve in Mr. Markley's favor. And there's nothing in 1367 or 1331 that demands punishing someone for complying with them. 1367 is on the books. It permits Mr. Markley to do precisely what he did. And the idea that compliance with that can somehow give rise to the dismissal of a claim as a matter of claim preclusion enjoys no support in any case. The facial procedural similarities of the First Circuit, the Colorado Court of Appeals and the Seventh Circuit do not control here because they neglect foundational claim preclusion principles and take as their basis for their holdings facial and superficial procedural similarities. A case that does not. So I don't want to take your time, but so you think those cases are wrongly decided or you think they're distinguishable? Both, Your Honor. And I think the primary basis on which they are distinguishable is that they fail to contend with cases from the Supreme Court like Cooter and other circuits that say that a dismissal without prejudice is not a final judgment on the merits. Some of those cases reached other merits determinations. That's not what happened here. If you read the final judgment on its face in conjunction with the summary judgment order, there is point blank a dismissal without prejudice, and that cannot constitute a final judgment on the merits for claim preclusion purposes. In 19 seconds, I'd like to say the U.S. Bank also evoked questions of issue preclusion. This Court cannot read such questions as we've outlined in our brief. But moreover, this Court has never taken an all-or-nothing approach to issue preclusion. If you read cases like Harris, you analyze them claim by claim, fact by fact, and moreover, the factual questions underpinning. May I finish my thought, Your Honors? Please. The factual questions underpinning the Federal claim are totally different from those underpinning the State law claims. In one, you'd conduct discovery on pretext for status. On the other, you'd conduct discovery on the question of protected conduct. And there is an insufficient overlap in those cases analytically and factually to demand issue preclusion's application. My time is up. I welcome other questions.  Thank you, counsel. We appreciate your time. Thanks for your flexibility. Very interesting and difficult case. Your excuse in the case shall be submitted. And the Court is in recess until further notice. Thank you. Thank you. Thank you. Thank you.